UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIAM PRESCOTT**
  Plaintiff

**v.**                           No. 5:08CV-00101-J

**MICHAEL ASTRUE**
  Commissioner of Social Security
  Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Mark Pierce. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 13, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on October 19, 2007, by administrative law judge (ALJ) James Craig. In support of his decision denying Title II benefits, Judge Craig entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 20, 2009.

2. The claimant has not engaged in substantial gainful activity since March 28, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: spine disorder, learning disorder, illiterate, and depression.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry no more than 10 pounds frequently and lift and carry articles occasionally. He can sit for six hours out of an 8 hour day with the option to sit and/or stand as needed. He can walk and/or stand for 2 hours out of an 8 hour workday. He should avoid any pushing or pulling with the upper extremities and he should avoid any above the shoulder work. He can occasionally stoop or crouch, but never kneel, crawl or bend at the waist. He should avoid moving mechanical parts or electric shock and unprotected heights. He should avoid exposure to weather, extreme cold, heat, wet and humidity. He should avoid vibrating machinery. The claimant can perform simple repetitive routine work which does not involve complex decision making. He should no more than occasionally interact with co-workers or supervisors and should not be required to interact with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 12, 1959 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not at issue in this case as the impartial vocational expert testified the claimant's skills are not transferable (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 28, 2005 through the date of this decision (20 CFR 404.1520(g)).

(Administrative Record (AR), pp. 16-23).

**Governing Legal Standards**

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal

standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether

the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony at the administrative hearing of a vocational expert (VE). The VE testified that an individual with the limitations identified in ALJ's Finding No. 5 would retain the ability to perform a significant number of jobs in the national economy (AR, pp. 259-261). Unless the plaintiff points the court to evidence in the administrative record, which the ALJ was required to accept, that he suffers from a physical or mental restriction in addition to those contemplated by the vocational testimony, the court should affirm the Commissioner's final decision upon the strength of the VE's testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has failed to identify any such limitation. Therefore, we shall recommend an affirmance of the Commissioner's final decision. The plaintiff's specific contentions shall be considered in turn.

The plaintiff's first contention is that "the Social Security Appeals Council committed procedural due process error" for failure to "respond in some manner to Counsel's repeated inquiries and requests" to consider new evidence and legal argument (Docket Entry No. 10, pp. 1-2). The contention is unpersuasive because judicial review is limited to a consideration of final decisions of the Commissioner to determine if they are supported by substantial evidence and are in accord with applicable legal standards. 42 U.S.C. § 405(g), sentence four. When the Appeals Council declines to review the ALJ's decision and render a new decision, as occurred in this case, the

5

ALJ's decision becomes the Commissioner's final decision. See *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993). The plaintiff is not legally entitled to have the Appeals Council consider his legal arguments, or at least, the matter is not cognizable upon judicial review. There is no fundamental unfairness, or due process error, because the plaintiff may now present to this court the same legal arguments he attempted to submit to the Appeals Council.

To the extent the plaintiff attempts to rely upon new evidence that was not before the ALJ and that he was unable to get the Appeals Council to consider, his remedy herein is pursuant to sentence six of section 405(g). Sentence 6 requires that the plaintiff prove that the new evidence is "material" and that there was "good cause" for not presenting it to the ALJ in a timely manner for consideration. The plaintiff has neither alleged nor proven materiality and good cause.

The plaintiff's second contention is that "the residual functional capacity (RFC) conclusions of the administrative law judge (ALJ) are inadequate and unsupported" (Docket Entry No. 10, p. 2). The argument has two sub-parts. First, the plaintiff contends that "the ALJ fully credited Dr. Binford's treating psychiatric assessment opinions [AR, pp. 194-196] and accepted them as 'controlling' [AR, p. 21]. However, he then failed to include them in the ultimate RFC [Finding No. 5]." The argument is unpersuasive because the plaintiff has failed to show that there is any inconsistency or logical incompatibility between Dr. Binford's findings and Finding No. 5, and none is apparent. Furthermore, even if there is an inconsistency, statements from medical sources about what a claimant can still do are not determinative. It is the ALJ's role to assess a claimant's RFC. See 20 C.F.R. §§ 404.1527(e)(2) and 404.1546(c).

Next, the plaintiff argues that the ALJ failed to consider evidence in the record of "limitations upon the use of both upper and lower extremities that would totally erode the remaining sedentary work base ... as explained in Social Security Ruling (SSR) 96-9p" (Docket Entry No. 10, p. 2). The argument is unpersuasive because the plaintiff has failed to identify any opinion from a medical source of limitations on the use of his extremities that may not be accommodated by Finding No. 5. Furthermore, the ALJ found that no physician has prescribed a cane for the plaintiff (AR, p. 19). "[L]imitations or restrictions on the ability to push or pull will generally have little effect on the unskilled sedentary occupational base." SSR 96-9p.

The plaintiff's third contention is that "the step five 'other work' conclusions are defective and unsupported" (Docket Entry No. 10, p. 3). The argument has several sub-parts. First, the plaintiff contends that "when Counsel further questioned the VE regarding Dr. Binford's accepted limitations [and] Mr. Prescott's illiteracy ..., he responded that ... these factors would preclude performance of substantial gainful activity." A review of counsel's cross-examination of the VE reveals no question concerning Dr. Binford's limitations or the plaintiff's illiteracy (AR, pp. 262-265). Therefore, the plaintiff's argument lacks a factual and/or evidentiary basis.

Next, the plaintiff attempts to rely upon the VE's testimony in response to counsel's questions concerning his need to be away from the work station. Dr. Binford opined that the plaintiff has a compulsive "hand washing" disorder, and Ray Hester, M.D., noted that the "usual restrictions for acute neck and back pain" include "when having back spasms use heat and ice in an alternating manner" (AR, pp. 192 and 196). The medical sources did not attempt to quantify the plaintiff's need to be away from the work station due to hand washing and acute pain.

Counsel asked the VE questions that assumed a need to be "leave the work station as many as 12 to 15 times a day on an unscheduled basis" (AR, p. 263). The VE testified that counsel's questions would preclude work. The magistrate judge concludes that the plaintiff's reliance upon the vocational testimony is unpersuasive because the limitations assumed by counsel are not supported by the record.

Next, the plaintiff argues that the VE's identification of certain production jobs as compatible with the limitations in Finding No. 5 was "patently ridiculous" and "obviously flawed." Neither the plaintiff nor counsel are recognized VE's and, as such, their vocational impressions are unpersuasive. Furthermore, even if the plaintiff is correct that the production jobs should have been eliminated, any error was harmless because the VE also identified 96,000 surveillance system monitor jobs (AR, pp. 260-261).

Next, the plaintiff argues that the VE's testimony did not comport with 20 C.F.R. 404.1566(e) and SSR 00-4p because he failed to identify which specific production occupations he had in mind. For the reasons indicated above, any error was harmless because the VE also identified surveillance system monitor jobs. Furthermore, the regulation and the ruling do not support the plaintiff's suggestion that a VE must identify occupations as well as jobs.

Next, the plaintiff acknowledges that the VE identified a significant number of surveillance system monitor jobs (Docket Entry No. 10, p. 5). The plaintiff proceeds to assume that the job to which the VE referred is listed in the Dictionary of Occupational Titles (DOT) at DOT 379.367-010 "which indicates a government protective service occupation." The plaintiff concludes that the job is incompatible with "simple repetitive routine work which does not involve complex decision making" as contemplated by Finding No. 5. The argument is unpersuasive because there is no

8

evidence that, in identifying surveillance system monitor jobs, the VE intended only government protective service work and, even if he did, it is not apparent that such work requires "complex" decision making.

The plaintiff's fourth contention is that "the pain and credibility examination is defective and unsupported" (Docket Entry No. 10, p. 6). The Commissioner's credibility determination is an open-ended multi-factors approach. See 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain"). Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The plaintiff has failed to show that the ALJ's credibility finding rose to the level of a reversible error.

The plaintiff's fifth contention is that "the ALJ failed to appropriately develop the record" (Docket Entry No. 10, p. 7). The argument is conclusory and unpersuasive.

The plaintiff's sixth and final contention is that "the ALJ failed to consider and determine whether Mr. Prescott lacks any or all of the basic mental abilities required for sustained work activities" (Docket Entry No. 10, p. 8). The ALJ accepted Dr. Binford's assessment of the plaintiff's mental limitations(AR, p. 21). The plaintiff argues that the assessment "clearly" is incompatible with work activity. The argument is conclusory and unpersuasive.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).